# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**TIMOTHY LOUIS PARKER,**
　　　　**Petitioner,**

**v.**                                                    **Case No.  3:10cv15/MCR/MD**

**KEN TUCKER,**
　　　　**Respondent.[1]**

_____

## REPORT AND RECOMMENDATION

**Before the court is an amended petition for writ of habeas corpus filed pursuant to Title 28 U.S.C. § 2254 (doc. 18).  Respondent has filed a response (docs. 34, 36 (exhibits)) to which petitioner has replied (doc. 42).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a) of the Rules Governing Section 2254 Cases.  It is further the opinion of the undersigned that the pleadings and attachments before the court show that petitioner is not entitled to relief, and that the petition is without merit and should be denied.**

---

**[1]  Ken Tucker became Secretary of the Florida Department of Corrections on August 24, 2011, and is substituted as the respondent.**

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner, Timothy Louis Griggs, was charged in the Circuit Court of Escambia County, Florida with one count of aggravated battery on a pregnant person. A jury found him guilty and he was sentenced to fifteen years imprisonment as an habitual offender. His direct appeal was unsuccessful. He filed a motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure, which was summarily denied (doc. 36, ex. H, pp. 181-86).[2] The appellate court reversed in part and ordered an evidentiary hearing on two of Mr. Parker's claims. The two claims were denied after an evidentiary hearing (ex. H, 314-18). Mr. Parker filed at least two more motions for post-conviction relief which were denied as successive. On January 14, 2010, Mr. Parker filed his original petition in the instant case, which respondent concedes is timely (doc. 34, p. 5).

## STANDARD OF REVIEW

Federal courts may issue habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pub. L. 104-132, § 104, 110 Stat. 1214, 1218-19. In relevant part, § 2254 provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[2]Hereafter all references to exhibits will be to doc. 36 unless otherwise noted.

28 U.S.C. § 2254(d) (2006).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[3]  Section 2254(d)(2) must be divided into two separate inquiries:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412–13 (O'Connor, J., concurring).  The federal habeas court "determining whether [it] should overturn the state courts' [sic] rejection of the claim at issue" should "review the highest state court decision disposing of the claim." *Harvey v. Warden, Union Corr. Inst.*, 629 F.3d 1228, 1237 (11th Cir. 2011); *see Knowles v. Mirzayance*, 556 U.S. 111, 129 S. Ct. 1411, 1419, 173 L. Ed. 2d 251 (2009).

Following the *Williams* framework, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal state court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166, 1172, 155 L. Ed. 2d 144 (2003).  The law is "clearly established" only when the Supreme Court's holding embodies the legal principle; dicta in opinions is not controlling.  *Thaler v. Haynes*, __ U.S. __, 130 S. Ct. 1171, 1173, 175 L. Ed. 2d 1003 (2010); *Bowles v. Sec'y for Dep't of Corr.*, 608 F.3d 1313,

---

[3]  Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367–75, 390–99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and—except as to the footnote—Scalia) in part II (529 U.S. at 403–13).  The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

1315 (11th Cir. 2010). Furthermore, a federal court of appeals decision, "even a holding directly on point," cannot clearly establish federal law for § 2254 purposes. *Bowles*, 608 F.3d at 1316 (citing *Renico v. Lett*, __ U.S. __, 130 S. Ct. 1855, 1866 (2010)).

After identifying the governing legal principle, the court determines whether the state court adjudication is "contrary to" clearly established Supreme Court case law, either because the state court "applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or because it "confronts a set of facts that is materially indistinguishable from a decision of [the] Court but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141, 125 S. Ct. 1432, 1438, 161 L. Ed. 2d 334 (2005); *see* § 2254(d)(1). The state court does not need to cite to Supreme Court cases or even be aware of them, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 365, 154 L. Ed. 2d 263 (2002). If the state court decision is contrary to clearly established federal law, the federal habeas court must independently consider the merits of the petitioner's claim.

If the state court decision is not contrary to clearly established federal law, the federal habeas court must then determine whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. § 2254(d)(1); *Williams*, 529 U.S. at 412–13, 120 S. Ct. at 1523. The federal court defers to the state court's reasoning unless the state court's application of the legal principle was "objectively unreasonable" in light of the record the court had before it. *Williams*, 529 U.S. at 409, 120 S. Ct. at 1521; *see Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1400, 179 L. Ed. 2d 557 (April. 4, 2011) (holding new evidence introduced in federal habeas court has no bearing on § 2254(d)(1) review, rejecting dicta in *Holland v. Jackson*, 542 U.S. 649, 652, 124 S. Ct. 2736, 2737–38, 159 L. Ed. 2d 683 (2004) (per curiam)); *cf. Bell v. Cone*, 535 U.S. 685, 697 n.4, 122 S. Ct. 1843, 1851 n.4, 152 L. Ed. 2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law). A state

court's application of federal law is objectively unreasonable when the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Brown*, 544 U.S. at 141, 125 S. Ct. at 1439. However, a state court may "decline to apply a specific legal rule that has not been squarely established by [the Supreme Court]" without running afoul of the "unreasonable application" clause. *Knowles*, 129 S. Ct. at 1419. Notably, even a state court's incorrect application of law will not warrant federal habeas relief unless it is also objectively unreasonable. *See Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 785-86, 178 L. Ed. 2d 624 (2011).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2). As with the "unreasonable application" clause, the Supreme Court applies the "objectively unreasonable" test to the state court's factual determination. *Miller-El v. Cockrell*, 537 U.S. 322, 324, 123 S. Ct. 1029, 1041, 154 L. Ed. 2d 931 (2003) (dictum). The petitioner must advance clear and convincing evidence that the state court's factual determination was "objectively unreasonable" to rebut the presumption that the determination was correct. *Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir. 2011); *see* § 2254(e)(1).

The Eleventh Circuit Court of Appeals in *Gill* clarified the federal habeas court's role in reviewing a state court's decision by squarely addressing the "unreasonable application of law" and the "unreasonable determination of facts" tests. Mr. Gill's petition alleged he was denied his Sixth Amendment right to counsel.[4] The Eleventh Circuit granted a limited Certificate of Appealability to

---

[4]  Mr. Gill twice moved the trial court in pretrial hearings to allow him to waive his Sixth Amendment right to counsel. *Gill*, 633 F.3d at 1275-1284; *see* U.S. Const. amend. VI. The trial court denied the first motion, finding that Mr. Gill's waiver of counsel was not knowing and intelligent. *Gill*, 633 F.3d at 1278;

determine the precise issue of the validity of "summary affirmance by a state appellate court of a trial court's decision based on potentially flawed reasoning." *Id.* at 1286.[5]

The court acknowledged the well-settled principle that summary affirmances, such as the Second DCA's, are presumed adjudicated on the merits and warrant deference. *Id.* at 1288 (citing *Harrington*, 131 S. Ct. at 784-85 and *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir. 2002)). "A judicial decision and a judicial opinion are not the same thing," and the Supreme Court has confirmed that determining whether the state court unreasonably applied the law or unreasonably determined the facts requires only a decision, not an opinion. *Id.* at 1291 (citing *Harrington*, 131 S. Ct. at 784). Yet, the Supreme Court has never squarely addressed whether under the "unreasonable application" test a federal habeas court "looks exclusively to the objective reasonableness of the state court's ultimate conclusion or must also consider the method by which the state court arrives at its conclusion." *Id.* at 1289 (quoting *Neal v. Puckett*, 286 F.3d 230, 244-45 (5th Cir. 2002) (summarizing the emerging circuit split)). The Eleventh Circuit court concluded that district courts must apply the plain language of § 2254(d) and answer the "precise question" raised in a claim based on the state court's ultimate legal conclusion, and should not "evaluate or rely upon the correctness of the state court's process of reasoning." *Id* at 1291 (agreeing with the Fifth Circuit court in *Neal*, *supra*). In short, the court

---

*see Faretta v. California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541, L. Ed. 2d 562 (1975) (accused must "knowingly and intelligently" waive representation). It also denied the second motion, but it allowed Mr. Gill to act as co-counsel for himself only for determining trial strategy. *Gill*, 633 F.3d at 1284. He was convicted, and the Florida Second District Court of Appeals ("Second DCA") affirmed without opinion the trial court's denial of post-conviction relief. *Id.* at 1284-85. Mr. Gill then filed a petition in federal district court, which petition the court denied with prejudice. *Id.* at 1284-85.

[5]  The court reviewed Gill's claims that the federal habeas court erred in two respects. First, Gill argued the habeas court erred by "failing to review on the merits the 'legally and factually unsupported rationale' articulated by the state trial court." 633 F.3d at 1288. Second, Gill argued the habeas court's decision was *per se* erroneous because it "relied on a finding that the state court did not make." *Id.* Gill averred the trial court denied relief by finding that Gill's waiver was not knowing and intelligent, while the federal district court denied relief by finding that Gill "never clearly and unequivocally" waived his right to counsel. *Id.*

stated, "the statutory language focuses on the result, not on the reasoning that led to the result." *Id.*[6]

In light of *Gill*, the "unreasonable determination of facts" standard plays a limited role in habeas review because the district court considers the reasonableness of the trial court's fact finding only to the extent that the state court's ultimate conclusion relied on it. *Id.* at 1292. A federal habeas court can consider the full record before it to answer "the only question that matters[:]" whether the state court's decision was objectively unreasonable. *Lockyer*, 538 U.S. at 64, 123 S. Ct. at 1168; *Gill*, 133 F.3d at 1290.

The Supreme Court recently summarized the meaning and function of habeas corpus in the federal system:

> Under §2254, a habeas court must determine what arguments or theories supported or . . . could have supported [ ] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of this Court.

*Harrington,* 131 S. Ct. at 786. Federal habeas relief is precluded "so long as fairminded jurists could disagree on the correctness of the state court's conclusion." *Id.* at 786 (internal quotations omitted).

The federal habeas court will take the final step of conducting an independent review of the merits of the petitioner's claims only if it finds that the petitioner satisfied AEDPA and § 2254(d). *See Panetti v. Quarterman*, 551 U.S. 930, 953-54, 127 S. Ct. 2842, 2858-59, 168 L. Ed. 2d 662 (2007); *Jones v. Walker*, 496 F.3d 1216, 1228 (same). The writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a). When performing its review under § 2254(d), the federal court must resolve all claims for relief regardless of whether habeas relief is granted or denied.

---

[6] Applying this analysis, the court rejected Gill's claim that the district court erred by relying on different grounds than the trial court because Gill's basic premise—the Second DCA's summary affirmance relied on the trial court's statements from the bench—was not dispositive. *Id.* at 1288.

*Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (en banc); *see Puiatti v. McNeil*, 626 F.3d 1283, 1307 (11th Cir. 2010).  The federal court must also bear in mind that state court factual determinations are presumed to be correct, and the petitioner bears the burden of rebutting that presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Crawford v. Head*, 311 F.3d 1288, 1295 (11th Cir. 2002) (AEDPA provides for a "highly deferential standard of review" for factual determinations made by a state court); *Jackson*, 112 F.3d at 824-25 (noting petitioner has heavier burden to overcome the presumption of factual correctness).  "If this standard is difficult to meet, that is because it was meant to be."  *Harrington*, 131 S. Ct. at 786.


## OTHER CONTROLLING LEGAL PRINCIPLES

### Ineffective assistance of counsel

Petitioner contends in his claims for relief in this court that he was denied his constitutional right to the effective assistance of counsel. The Constitution provides "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.  To prevail on a claim of ineffective assistance of counsel, the petitioner must prove:  (1) "counsel's representation fell below an objective standard of reasonableness;" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 677-678, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); *see also Berghuis v. Thompkins*, __ U.S. __, 130 S. Ct. 2250, 2264-65, 176 L. Ed. 2d 1098 (2010). Reasonableness of representation does not implicate what is possible, prudent, or even appropriate, but only what is "constitutionally compelled." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (citing *Burger v. Kemp*, 483 U.S. 776, 794, 107 S. Ct. 3114, 3126, 97 L. Ed. 2d 638 (1987)).

In evaluating counsel's performance, reviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable, professional assistance. *Chandler*, 218 F.3d at 1314. Courts must make "every effort

. . . to eliminate the distorting effects of hindsight" and must evaluate the reasonableness of counsel's performance "from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; *see also, e.g., Chandler*, 218 F.3d at 1314 (the *Strickland* standard compels courts to "avoid second-guessing counsel's performance").  The Eleventh Circuit has summarized the standard and the burden:

> Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so.  This burden, which is petitioner's to bear, is and is supposed to be a heavy one.  And, "[w]e are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial . . . worked adequately."  *See White v. Singletary*, 972 F.2d 1218, 1221 (11th Cir. 1992).  Therefore, the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.

*Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994); *see also, e.g., Waters v. Thomas*, 46 F.3d 1506, 1518 (11th Cir. 1995) (the test is not whether counsel could have done more); *Atkins v. Singletary*, 965 F.2d 952, 960 (11th Cir. 1992) (". . . the Constitution requires a good deal less than maximum performance.").

In order to meet the prejudice prong of the *Strickland* standard, petitioner must allege more than that the unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding."  466 U.S. at 693, 104 S. Ct. at 2067; *see Marquard v. Sec'y for Dep't of Corr.*, 429 F.3d 1278, 1305 (11th Cir. 2005).  Petitioner must show a reasonable probability exists that the outcome would have been different.  *Marquard*, 429 F.3d at 1305 (petitioner's burden under the prejudice prong is high); *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.  In applying *Strickland*, the court may dispose of an ineffective assistance claim if petitioner fails to carry his burden on either of the two prongs.  *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.").

The *Strickland* standard exists to prevent petitioners from abusing the post-trial process by escaping rules of waiver or presenting new issues; it should be "applied with scrupulous care" to protect the integrity of the adversary process. *Harrington*, 131 S. Ct. at 788.  As it relates to habeas corpus applications, the Court emphasized:

> The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial.  Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).   When § 2254(d) applies, the question is not whether counsel's actions were reasonable.   The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Id.* at 788 (citations omitted); *Knowles,*129 S. Ct. at 1420 (2009) (*Strickland* claims evaluated under § 2254(d)(1) require "doubly deferential" judicial review).

Finally, when a district court considers a habeas petition, the state court's findings of historical facts in the course of evaluating an ineffectiveness claim are subject to the presumption of correctness, while the performance and prejudice components are mixed questions of law and fact.  *Strickland*, 466 U.S. at 698, 104 S. Ct. at 2070; *Collier v. Turpin*, 177 F.3d 1184, 1197 (11th Cir. 1999).  "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable.  This [inquiry] is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Jones v. Sec'y, Dep't of Corr.*, ___ F.3d ___, 2011 WL 2540573 (11th Cir. June. 28, 2011) (quoting *Harrington*, 131 S. Ct. at 785 (2011)).   Habeas claims of ineffective assistance of counsel require "doubly deferential" judicial review under §2254(d) and *Strickland*, and petitioners only rarely prevail on this ground.  *See Rogers*, 13 F.3d at 386.

**Deference to state court findings of fact**

Under the AEDPA, the state court does not have to explicitly state its findings of fact.  *See Blankenship v. Hall*, 542 F.3d 1253, 1271-72 (11th Cir. 2008).  State court findings of fact can be implied from the opinion and the record when they are necessary to the Rule 3.850 court's rejection of a petitioner's claim.  *Id.*  These implicit findings are entitled to deference.  *Id.*  As explained in the Standard of Review, *supra*, the state court is not required to cite or be aware of the relevant Supreme Court precedent as long as its conclusion is not contradictory.  *Early*, 537 U.S. at 8, 123 S. Ct. at 365.  A summary adjudication with a brief, or total lack of, statement of reasons is still an adjudication on the merits.  *Harrington*, 131 S. Ct. at 780, 784; *see Childers v. Floyd*, 642 F.3d 953, 968 (11th Cir. 2011) ("an 'adjudication on the merits' is best defined as any state court decision that does not rest solely on a state procedural bar.").

## PETITIONER'S GROUNDS FOR RELIEF

All grounds for relief presented here are based on Mr. Parker's claims that he was denied the effective assistance of counsel.

**Grounds 1 and 2**   **Failure to notify the court that the jury instruction concerning the elements of the crime included proof that the victim was pregnant and failure to request an instruction on the omitted element.**

Mr. Parker's first two grounds are interrelated and are founded on his claim that (1) the applicable standard jury instruction was incomplete, and (2) the jury was not properly instructed on that element of the crime because defense counsel's performance was deficient in not raising the issue.  (Doc. 18, pp. 3-5).

**State Court Decision**

In his original motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure, Mr. Parker contended, as his first claim, that his counsel was ineffective (A) in failing to notice that the court improperly instructed the jury by not including a specific instruction that the victim's pregnancy was an element of the offense, and (B) in failing to request a proper jury instruction (ex. H, p. 151). These grounds are the same, with slightly different wording, as Grounds 1 and 2 herein (doc. 18, pp. 3-5).

The Rule 3.850 court rejected these two claims, and cited to the trial record, finding that "the Court properly instructed the jury regarding the elements of the offense charged." (Ex. C, p. 183). The appellate court affirmed as to these grounds (ex. L, p. 1). Not satisfied, Mr. Parker filed two additional 3.850 motions (exs. R, T) in which he raised new grounds not relevant here. Both motions were denied. Mr. Parker then filed a habeas petition in the state trial court, again raising his claims relevant to the jury instructions (ex. V).

**Federal Review of State Court Decision**

The Respondent argues that the Rule 3.850 court made a factual finding that Mr. Parker's claims were factually false and that this court owes deference to that finding (doc. 34, p. 15). The undersigned is not convinced that the Rule 3.850 court's ruling was a finding of fact. The issue was whether the instruction was complete, and the Rule 3.850 court found that it "properly" instructed the jury. This is a conclusion of law, not a finding of fact. However, whether it was one or the other makes no difference. If the Rule 3.850 court's ruling was a conclusion of law, review by this court will not help Mr. Parker

The transcript of the trial contains the following, which immediately followed the victim identifying Mr. Parker without objection:

Q      Now before this incident on April 7th, 2003 had you been living together?

A      I'm sorry, let me correct that.  I'm sorry, it was 2003 that I met him in February, sorry.

Q      Okay.

A      Yes, we were living together at the Lyons motel.

Q      And where is that located?

A      Over on Martin Luther King and off Texar.

Q      And how long had you been living together at that time?

A      Probably for two-and-a-half months, three months.

Q      And were you pregnant on April 7th of 2003?

A      Yes, I was.

Q      And how far along were you?

A      I was six months.

Q      And when was your child born?

A      July 11th.

Q      And is Mr. Parker the father of your child?

A      No, he's not.

Q      Did he know you were pregnant?

A      Yes, he did.

Q      How did he know?

A      Because we talked about being together when the baby came.

**(Ex. C, pp. 16-17).**

After both the prosecution and defense had rested, the court instructed the jury as follows:

> To prove the crime of aggravated battery the State must prove the following two elements beyond a reasonable doubt.
>
> The first element is the definition of battery. No. 1, the defendant intentionally touched or struck Ms. Lewis against her will. No. 2, the defendant in committing the battery knew or should have known that Ms. Lewis was pregnant.

(Ex. C, p. 49). The crime charged was Section 784.045, Florida Statutes (2003), which read as follows:

> Aggravated battery.—(1)(a) A person commits aggravated battery who, in committing battery:
>
> 1. Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or
>
> 2. Uses a deadly weapon.
>
> (b) A person commits aggravated battery if the person who was the victim of the battery was pregnant at the time of the offense and the offender knew or should have known that the victim was pregnant.
>
> (2) Whoever commits aggravated battery shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

Mr. Parker was tried during the week of September 2, 2003. The court instructed the jury from the *Florida Standard Jury Instructions* used in criminal trials. *After* Mr. Parker was convicted, the Florida First District Court of Appeal issued its decision in *Small v. State*, 889 So.2d 862 (Fla. 1st DCA 2004), in which it held that the then standard jury instruction was erroneous because it did not instruct the jury that an element of the offense was that the victim was in fact pregnant. Therefore, Mr. Parker says, he was denied his fundamental right to have the jury instructed on *all*

elements of the crime because his attorney failed to object and request a proper instruction.

The First DCA's decision in *Small* was issued after Mr. Parker's trial, and no other appellate court had held that the standard instruction was improper. Consequently, at the time of trial the standard instruction was presumptively correct, and defense counsel would not know otherwise. It is well settled that counsel's failure to predict changes in the law is not objectively unreasonable. *See Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994) ("[W]e have held many times that reasonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop.") (quotations and alterations omitted); *Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995) ("[t]o be effective within the bounds set by *Strickland*, an attorney need not anticipate changes in the law."); *see also Reutter v. Secretary for Dep't of Corrections*, 232 Fed. Appx. 914, 916-17 (11th Cir. 2007) (unpublished opinion) (holding that petitioner failed to establish deficient performance where petitioner faulted appellate counsel for failing to raise issue based on cases which purportedly foreshadowed a subsequent appellate court ruling supporting petitioner's argument). Because no court had held, prior to Mr. Parker's trial, that the standard instruction was incomplete, defense counsel was not on notice that one might.

Another question goes to whether federal habeas relief can be granted merely because an improper instruction was given. That issue was addressed recently by the U.S. Supreme Court in *Waddington v. Sarausad*, 555 U.S. 179, 129 S.Ct. 823, 172 L.Ed.2d 532 (2009):

> Our habeas precedent places an "especially heavy" burden on a defendant who, like Sarausad, seeks to show constitutional error from a jury instruction that quotes a state statute. *Henderson v. Kibbe*, 431 U.S. 145, 155, 97 S. Ct. 1730, 52 L. Ed. 2d 203 (1977). Even if there is some "ambiguity, inconsistency, or deficiency" in the instruction, such an error does not necessarily constitute a due process violation. *Middleton* [*v. McNeil*, 541 U.S. 433], 437, 124 S. Ct. 1830, [158 L. Ed. 2d 701 (2004)]. Rather, the defendant must show both that the instruction

was ambiguous and that there was " 'a reasonable likelihood' " that the jury applied the instruction in a way that relieved the State of its burden of proving every element of the crime beyond a reasonable doubt. *Estelle* [*v. McGuire*, 502 U.S. 62], 72, 112 S. Ct. 475, [116 L. Ed. 2d 385 (1991)] (quoting *Boyde v. California*, 494 U.S. 370, 380, 110 S. Ct. 1190, 108 L. Ed. 2d 316 (1990)).   In making this determination, the jury instruction " 'may not be judged in artificial isolation,' but must be considered in the context of the instructions as a whole and the trial record." *Estelle, supra,* at 72, 112 S. Ct. 475 (quoting *Cupp v. Naughten*, 414 U.S. 141, 147, 94 S. Ct. 396, 38 L. Ed. 2d 368 (1973)).   Because it is not enough that there is some "slight possibility" that the jury misapplied the instruction, *Weeks v. Angelone*, 528 U.S. 225, 236, 120 S. Ct. 727, 145 L. Ed. 2d 727 (2000), the pertinent question "is 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process,' " *Estelle, supra*, at 72, 112 S. Ct. 475 (quoting *Cupp, supra*, at 147, 94 S. Ct. 396).

*Id.*, 555 U.S. 190-91, 129 S. Ct. 831-32.  And in an unpublished opinion, the Eleventh Circuit recently summarized its prior holdings on this issue:

In general, questions of state law rarely raise issues of federal constitutional significance and, therefore, "[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983); *see also Cabberiza v. Moore*, 217 F.3d 1329, 1333 (11th Cir. 2000) (stating that the writ of habeas corpus was not enacted to enforce state-created rights).  Where the claim is merely that a jury instruction was incorrect under state law, federal habeas relief is not available. *Estelle v. McGuire*, 502 U.S. 62, 71-72, 112 S.Ct. 475, 481-82, 116 L.Ed.2d 385 (1991).  Accordingly, we review errors in state jury instructions in the § 2254 context solely to determine whether the alleged errors were so critical or important to the outcome of the trial that they rendered "the entire trial fundamentally unfair." *Carrizales*, 699 F.2d at 1055.

*Applewhite v. Secretary*, 373 Fed. Appx. 969, 971-72 (11th Cir. 2010).

Mr. Parker's case is easily distinguishable from *Small*, where the victim did not testify and much of the evidence came in under exceptions to the hearsay rule.  Mr. Parker's victim testified that she was six months pregnant at the time of the assault

and that Mr. Parker knew it because they had discussed what they would do when the baby was born.   The child was born almost exactly three months after the assault.   None of this evidence was disputed.   Therefore, Mr. Parker cannot show that there was "'a reasonable likelihood'" that the jury applied the instruction in a way that relieved the State of its burden of proving every element of the crime beyond a reasonable doubt, *Estelle, supra*, or that the alleged error was so critical as to make the entire trial fundamentally unfair, *Applewhite, supra*.

Based on the record before this court, the state court's ruling did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented.   28 U.S.C. § 2254(d)(1), (2); *Williams, supra*.   Mr. Parker is not entitled to federal habeas relief on this claim, and the writ should not issue.

**Grounds 3 and 4   <u>Failure to investigate and prepare a defense.</u>**

Mr. Parker next contends that his attorney failed to interview him to get important information and otherwise failed to prepare a defense for trial.  (Doc. 18, pp. 6-9).

<u>State Court Decision</u>

These issues were addressed at the evidentiary hearing.   Defense counsel testified that at the time of trial she had been a criminal defense attorney for more than 22 years; reviewed the arrest report and other discovery provided by the state; went to the jail to interview Mr. Parker, went over the discovery with him and discussed how he wanted to proceed; took the deposition of the victim and was told among other things that the victim wanted Mr. Parker to get help, not punishment; discussed the victim's testimony with Mr. Parker and with him developed a theory of defense that this particular altercation was part of an ongoing loving but sometimes argumentative relationship and that the victim gave as well as she took (ex. H, pp. 284-89).   After the state rested at trial, defense counsel discussed the

advisability of Mr. Parker testifying and he decided that he would not (ex. H, pp. 282-92). He so stated at trial under oath, acknowledging that he knew if he testified the state would prove that he had twenty prior felony convictions. He further stated that he did not have any witnesses he wanted to call (ex. C, pp. 32-33).

The Rule 3.850 court found that counsel's decisions on how to try the case were strategic and that her performance was not deficient.

### Federal Review of State Court Decision

The Rule 3.850 court found, as fact, that counsel's performance was not deficient. "Inquiries into strategic or tactical decisions challenged as ineffective assistance of counsel involve both a factual and a legal component. The question of whether an attorney's actions were actually the product of a tactical or strategic decision is an issue of fact, and a state court's decision concerning that issue is presumptively correct. By contrast, the question of whether the strategic or tactical decision is reasonable enough to fall within the wide range of professional competence is an issue of law not one of fact . . .." *Provenzano v. Singletary*, 148 F.3d 1327, 1330 (11th Cir. 1998); *Jackson v. Herring*, 42 F.3d 1350, 1357 (11th Cir. 1995). Moreover, counsel's tactical decisions on which defense to pursue are "virtually unchallengeable." *Provenzano*, 148 F.3d at 1332 (quoting *Strickland*); *Waters v. Thomas*, 46 F.3d 1506, 1522 (11th Cir. 1995). *Cf. Miller v. Anderson*, 255 F.3d 455, 458 (7th Cir. 2001) (the fact that something was a tactical decision does not immunize it from review under *Strickland*). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065 (quotation marks and citation omitted); *see also Waters*, 46 F.3d 1506, 1518-19 (11th Cir. 1995) (en banc) (observing that "[w]e cannot, and will not, second guess" the "strategic decisions trial counsel are called upon to make"). "[C]ounsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken might be

considered sound trial strategy." *Johnson v. Alabama,* 256 F.3d 1156, 1176 (11th Cir. 2001).

After all, "[t]here are countless ways to provide effective assistance in any given case," and "[e]ven the best criminal defense attorneys would not defend a particular client in the same way." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; *accord, e.g.*, *Waters*, 46 F.3d at 1522 ("Three different defense attorneys might have defended Waters three different ways, and all of them might have defended him differently from the way the members of this Court would have, but it does not follow that any counsel who takes an approach we would not have chosen is guilty of rendering ineffective assistance.").

In fact, "a lawyer can make a reasonable decision that no matter what an investigation might produce, he wants to steer clear of a certain course." *Rogers v. Zant*, 13 F.3d 384, 387 (11th Cir. 1994).  Accordingly, counsel's decision to curtail investigative efforts is also presumed reasonable, and the exclusion of other viable defenses does not establish ineffective assistance unless it is demonstrated that the course counsel actually chose was itself unreasonable. *Chandler*, 218 F.3d at 1318. "Counsel also is not required to have a tactical reason–above and beyond a reasonable appraisal of a claim's dismal prospects for success–for recommending that a weak claim be dropped altogether." *Knowles*, 556 U.S. at __, 129 S. Ct. at 1422.

Likewise, counsel's decision whether to call a particular witness is also a matter of trial strategy entitled to great deference. *Chandler*, 218 F.3d at 1314 n. 14 (citing *Waters*, 46 F.3d at 1518-19).  "The mere fact that other witnesses might have been available or that other testimony might have been elicited from those who testified is not a sufficient ground to prove ineffectiveness of counsel." *Waters*, 46 F.3d at 1514.  "Complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because

allegations of what a witness would have testified are largely speculative." *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978).[7]

Applying that guidance here, it is clear that counsel's strategy was reasonable. She wanted to show the jury that this incident was part of a contentious but loving relationship, hoping for a lesser included offense or even a jury pardon. The assault was not witnessed by any third party; the victim was obviously pregnant; the victim had a large red area on her face; and the victim testified. Mr. Parker now says a Mr. Washington should have been called to testify and would have confirmed that the victim had bruises on her arm before the assault, but there is no indication that Mr. Washington could have denied the injury to the victim's face. The victim testified that she was hit in the face by Mr. Parker's closed fist, the police took pictures of her face, and one of the pictures was introduced in evidence (ex. C, pp. 19-23). Clearly defense counsel had little to work with. She fully investigated the facts, consulted with her client and with him developed a strategy for defense. Counsel's strategy was not unreasonable under the circumstances.

Based on the record, the state court's ruling did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1), (2); *Williams, supra*. Mr. Parker is not entitled to federal habeas relief on this claim, and the writ should not issue.

## Ground 5     Failure to move for judgment of acquittal.

Mr. Parker alleges his trial counsel did not move for judgment of acquittal at the conclusion of the prosecution's case. He his counsel failed to challenge the sufficiency of the evidence, specifically: that the victim was in fact pregnant; that Mr.

---

[7] Former Fifth Circuit decisions issued before October 1, 1981, are binding precedent on the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

Parker causes the bruises on the victim; that the victim's claim was based on anger and retribution.  (Doc. 18, pp. 9-10).

### State Court Decision

The Rule 3.850 court reviewed the transcript of trial and found that "any motion for judgment of acquittal would have had no possibility of success."  (Ex. H, p. 184).

### Federal Review of State Court Decision

The undersigned has also reviewed the trial transcript.   Nothing more need be said.  A motion for judgment of acquittal was not indicated and would not have been granted.  The Rule 3.850 court's ruling did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(1), (2); *Williams, supra*.  Mr. Parker is not entitled to federal habeas relief on this claim, and the writ should not issue.


**Grounds 6 and 8.** <u>Allowing victim to testify to prior bad acts.</u>

In these two grounds Mr. Parker contends that counsel was ineffective in not objecting to uninvited statements by the victim concerning Mr. Parker's prior bad behavior and in not moving  *in limine* to prevent the statements.  (Doc. 18, 10-12, 13-14).

### State Court Decision

These claims were handled at the evidentiary hearing on Mr. Parker's motion for post-conviction relief .  Appointed defense counsel obtained the right to question jurors on whether the testimony had any effect on their deliberations, but none could remember enough to provide any help (ex. H, pp. 276-78).   Trial defense counsel testified at the hearing that she did not object as part of her defense strategy.  At trial she obtained admissions from the victim that she used crack cocaine and alcohol while pregnant, that *she* had been the aggressor in at least one instance, and that she did not require medical attention after the incident (ex. C, pp. 23-26).  The Rule

3.850 court found that this approach was in keeping with counsel's defense strategy and was not unreasonable (ex. H, p. 311).

### Federal Review of State Court Decision

Although Mr. Parker contends that counsel's failure to prevent, or at least object to, the unfavorable testimony was unprofessional, the Rule 3.850 court found as fact that it was part of counsel's defense strategy, and this court agrees that counsel's conduct was not deficient in dealing with the parties' ongoing relationship. Therefore, the state court's ruling did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(1), (2); *Williams, supra*.  Mr. Parker is not entitled to federal habeas relief on this claim, and the writ should not issue.


**Ground 7.    Conceding guilt.**

Mr. Parker contends that counsel conceded his guilt during closing arguments.  (Doc. 18, pp. 12-13).

### State Court Decision

The Rule 3.850 court addressed this issue based on the written record.  It found: "This claim is conclusively refuted by the record, as no concession of guilt occurred during closing arguments."  (Ex. H, p. 185).

### Federal Review of State Court Decision

During closing arguments defense counsel first outlined the parties' ongoing loving relationship which, although not without problems, was nevertheless present. She then seriously challenged the victim's veracity by pointing to her admitted use of drugs and alcohol during pregnancy and her lack of desire to quit, her refusal of medical assistance, and a detective's testimony that she was obviously using drugs and/or alcohol when he came to the scene.  Counsel then suggested that "if you believe her version of what happened, they are both guilty and so should Mr. Parker be the only one to be punished, that's for you to decide."  (Ex. C, p. 40).  On rebuttal

counsel said "There's a lesser included offense here, Judge Shackelford is going to instruct you about that and this is battery.  Perhaps if you believe her version of what happened, you may find that Mr. Parker is guilty of battery."  (*Id.* at 46).

While these statements may sound like concessions, they were not.  Both statements required the jury first to believe the victim before finding guilt, and counsel had ably challenged the victim's veracity.  Moreover, admitting to the possibility of a lesser offense in many circumstances is often a good idea, and this was one of those circumstances.  This line or reasoning also goes to prejudice.  Counsel had little to work with.  The victim testified to her version of events.  There was no testimony to refute even the smallest part of her testimony.  Mr. Parker was going to be found guilty based on the evidence because the evidence was overwhelming and unrebutted.  Therefore, even if counsel's statements in closing were professionally deficient, which the court does not find, Mr. Parker was not prejudiced by them because short of a lesser included offense he was going to be found guilty.

Based on the record, the state court's ruling did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(1), (2); *Williams, supra*.  Mr. Parker is not entitled to federal habeas relief on this claim, and the writ should not issue.

## CONCLUSION

The court has carefully reviewed the trial transcript, the records of proceedings on Mr. Parker's motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure, and all submissions in this proceeding.  Mr. Parker's grounds alleging ineffective assistance of counsel are without merit.

For his last ground Mr. Parker claims cumulative error.  There was no error, so there was no cumulative error.

### CERTIFICATE OF APPEALABILITY

**Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(a), Rules Governing Section 2254 Cases. A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.**

**The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is recommended that the court deny a certificate of appealability in its final order.**

**The second sentence of new Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party  may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.**

Accordingly, it is respectfully RECOMMENDED:

1.	That the 28 U.S.C. § 2254 petition for writ of habeas corpus (doc. 1), challenging the conviction and sentence in *State of Florida v. Timothy Louis Parker*, in the Circuit Court of Escambia County, Florida, case no.03-1693, be DENIED and the clerk be directed to close the file.

2.	That a certificate of appealability be DENIED.

At Pensacola, Florida, this 1st day of September, 2011.

/s/ *Miles Davis*

	MILES DAVIS
	UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties</u>.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).